IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ICEPIECE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3528-BN |
| | § | |
| WELLS FARGO BANK, N.A. d/b/a | § | |
| NATIONAL PAYMENT PROCESSING, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND TRANSFER ORDER

Defendant Wells Fargo Bank, N.A. d/b/a National Payment Processing ("Wells Fargo") has filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. *See* Dkt. No. 6. Plaintiff Icepiece, Inc. ("Icepiece") did not file a response, and its time to do so – extended once already – has passed. For the reasons explained below, the Court GRANTS Wells Fargo's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 [Dkt. No. 6].

### Background

On December 12, 2012, Icepiece and Wells Fargo entered into a Merchant Processing Agreement ("Agreement"). *See* Dkt. No. 1-3 at § IV. The Agreement contains a venue provision, which dictates that "[t]he exclusive venue for any action or claims arising under or related to this Agreement shall be in the appropriate state or federal court located in Marin County, California." Dkt. No. 6-2 at 30 ¶30.2.

Icepiece sued Wells Fargo in the County Court at Law No. 2 in Dallas County,

Texas alleging that it failed to perform under the Agreement. *See* Dkt. No. 1-3 at § IV. Wells Fargo timely removed this action to this Court under 11 U.S.C. §§ 1441(a) and 1441(b). *See* Dkt. No. 1.

Wells Fargo filed its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 [Dkt. No. 6] ("Motion to Transfer"), contending that this lawsuit arises out of the Agreement and should be transferred to the Northern District Court of California, pursuant to the Agreement's venue provision. *See* Dkt. No. 6; *see also* Dkt. No. 6-2 at 30 ¶30.2.

Wells Fargo's motion indicated that Icepiece was opposed to the relief sought in the Motion to Transfer. *See* Dkt. No. 6 at 8 ("Certificate of Conference"). Under this Court's Local Civil Rules, Icepiece's deadline to respond was December 30, 2014. *See* N.D. TEX. L. CIV. R. 7.1(e). Icepiece failed to respond by that deadline. Given Icepiece's apparent opposition to the Motion to Transfer, the Court extended its response deadline to January 20, 2015. *See* Dkt. No. 10. Icepiece still has not responded to the Motion, and its time to do so has passed.

## Legal Standards

A forum selection clause may be enforced by a motion to transfer venue under 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to which all parties have consented." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Texas*, 134 S. Ct. 568, 574, 579 (2013). A valid forum selection clause is "'given

controlling weight in all but the most exceptional cases,'" and, when the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. *Id.* at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp*, 487 U.S. 22, 33 (1988)).

In *Atlantic Marine*, the United States Supreme Court held that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* "First, the plaintiff's choice of forum merits no weight," because "the plaintiff has effectively exercised its 'venue privilege' before the dispute arises" through the forum selection clause agreement. *Id.* at 581-82. Second, "arguments about the parties' private interests" must not be considered, since, by agreeing to the forum selection clause, the parties effectively "waive the right to challenge" any private inconvenience that the "preselected forum" may create. *Id.* at 582. Accordingly, the Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum," and only "arguments about public-interest factors" may be considered when deciding whether to transfer under Section 1404(a) to the contractually-specified venue. *Id.* But "those factors will rarely defeat a transfer motion," with "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* And "the party acting in violation of the forum-selection clause … must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 583; *see also In re Rolls Royce Corp.*, ___ F.3d ___, No. 14-30510, 2014 WL 7403467, at \*2-\*6 (5th Cir. Dec. 30, 2014) (discussing *Atlantic Marine*); *Cline v. Carnival Corp.*, No. 3:13-cv-1090-B, 2014 WL 550738, at \*6 (N.D. Tex.

Feb. 12, 2014) (same).

## Analysis

As an initial matter, Wells Fargo's removal of this action to this Court from state court does not prohibit Wells Fargo from then invoking a forum-selection clause and moving to transfer the case to another federal district. *See generally Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 914, 918-19 (5th Cir. 2014); *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir. 1993); *Benz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985); *Aguacate Consolidated Mines, Inc., of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523, 525 (5th Cir. 1978); *Quality Custom Rail & Metal, LLC v. Travelers Cas. and Sur. Co. of Am.*, No. 3:13-cv-3587-D, 2014 WL 840046, at *2 (N.D. Tex. Mar. 4, 2014).

And the *Atlantic Marine* analytical framework applies here where the Agreement contains a mandatory, not permissive, forum-selection clause. *See Waste Mgmt. of La., L.L.C. v. Jefferson Parish ex rel. Jefferson Parish Council*, ___ F. App'x ___, No. 14-90040, 2014 WL 6713203, at *1-*2 (5th Cir. Nov. 28, 2014) (per curiam); *UNC Lear Services, Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 219 (5th Cir. 2009) ("Mandatory forum-selection clauses that require all litigation to be conducted in a specified forum are enforceable if their language is clear.") (citing *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) ("For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive.")).

Further, Wells Fargo has shown that the Agreement's forum-selection clause is

valid and applies to this action. *See* Dkt. No. 6 at 2-5. And Icepiece, by failing to respond, has not met its burden to show that the clause is invalid or inapplicable. *See generally Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) ("Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a 'heavy burden of proof." (internal quotation marks omitted)); *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) ("Such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." (internal quotation marks omitted)); *Steve Silver Co., Inc. v. Manna Freight Sys., Inc.*, No. 3:14-cv-2601-D, 2014 WL 5286624, at *2-*4 (N.D. Tex. Oct. 15, 2014).

When the Court is presented with a valid, applicable, mandatory forum-selection clause, the Supreme Court has instructed that "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atlantic Marine*, 134 S. Ct. at 581. And, as in *Atlantic Marine*, here, "no such exceptional factors appear to be present in this case," *id.*, and Icepiece's non-response certainly does not demonstrate any.

Finally, *Atlantic Marine* dictates that the Court should enforce such a forum-selection clause unless public-interest factors overwhelming disfavor a transfer. *See Cline*, 2014 WL 550738, at *6; *Atlantic Marine*, 134 S. Ct. at 581-82. And Icepiece bears the burden to show that public-interest factors overwhelmingly disfavor Wells Fargo's request for a transfer. *See Atlantic Marine*, 134 S. Ct. at 583.

Icepiece cannot defeat Wells Fargo's Motion to Transfer because it failed to respond. Though the Court extended its deadline to respond, Icepiece has made no effort to show that Wells Fargo's request is disfavored – overwhelmingly or otherwise – and has not met its burden of showing that public-interest factors overwhelmingly disfavor transfer. *See id.*; *see also Steve Silver*, 2014 WL 5286624, at *4-*5; *Henry v. Covenant Transport, Inc.*, No. 3:13-cv-1926-L, 2014 WL 2217336, at *2-*3 (N.D. Tex. May 29, 2014) ("Plaintiff has, at most, set forth facts to establish that this court has a local interest in considering the case because the alleged acts of discrimination occurred in Texas and Defendant maintains an office in Texas. See Doc. 9 at 6. This argument is insufficient to sustain Plaintiff's heavy burden to demonstrate that public interest factors 'overwhelmingly disfavor' transfer to the Eastern District of Tennessee under the forum selection clause.").

Because this is not one of those "most unusual cases" in which the public interest overwhelmingly disfavors transfer, the Court finds that "'the interest of justice,'" as defined in Section 1404(a), "is served by holding [Icepiece] to [its] bargain" by way of transfer to the parties' agreed-upon venue. *Atlantic Marine*, 134 S. Ct. at 583.

## Conclusion

The Court GRANTS Defendant Wells Fargo Bank, N.A. d/b/a National Payment Processing's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 [Dkt. No. 6] and ORDERS this case to be transferred to the Northern District of California for further proceedings.

DATED: February 9, 2015

                                                            _____
                                                            DAVID L. HORAN
                                                            UNITED STATES MAGISTRATE JUDGE