UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICEPIECE INC,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK NA,<br><br>        Defendant. | Case No. 15-cv-00653-MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

## BACKGROUND

On August 1, 2014, Plaintiff Icepiece Inc. filed a complaint for breach of contract in the County Court at Law No. 2 of Dallas County, Texas. On September 29, 2014, Defendant Wells Fargo Bank NA removed the case to the Northern District of Texas, Dallas Division, Case No. 3:14-cv-03528-BN. Dkt. No. 1. Defendant then filed a Motion To Transfer Venue Pursuant to 28 U.S.C. § 1404, arguing that the parties' contract contained a venue provision requiring that any claims arising under the contract shall be brought in the appropriate state or federal court for Marin County, California. Dkt. No. 6. As Plaintiff did not file any response to the motion by the December 30, 2014 deadline, the District Court in Dallas extended Plaintiff's response deadline to January 20, 2015. Dkt. No. 10. Plaintiff still did not respond to the motion, and the court granted it on February 9, 2015. Dkt. No. 11.

After the case was transferred to this District, the Court scheduled a Case Management Conference for May 14, 2015, and ordered the parties to file a Case Management Statement by May 7. Dkt. No. 13. Defendant obtained California counsel and filed a Substitution of Counsel on April 29, 2015. Dkt. No. 14. Plaintiff, however, has not filed any substitution of attorneys.

On May 6, 2015, Defendant filed a Rule 26(f) Report, in which Defendant states that it has

attempted on numerous occasions to hold a Rule 26 meet and confer and/or discuss the case with Plaintiff's Texas counsel, but has received no response. Dkt. No. 18. Defendant included multiple email communications sent by Defendant's counsel to Plaintiff's counsel requesting that the parties engage in a "meet and confer" process in advance of filing a Rule 26(f) report. *Id.*, Ex. 1. Defendant stated that it received no response to these emails from Plaintiff, its Texas counsel, or any new California counsel purporting to represent Plaintiff. Plaintiff has made no appearance in the case since its transfer to this District.

Based on this procedural background, the Court ordered Plaintiff to show cause by May 21, 2015, why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines. Dkt. No. 19. The Court provided notice to Plaintiff that it may dismiss the case if it failed to respond by the deadline. As of the date of this Order, Plaintiff has failed to respond to the Court's Order to Show Cause or otherwise make an appearance in this case. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

## LEGAL STANDARD

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* ("*In re PPA*"), 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or

2

where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

## DISCUSSION

The Court finds that the *Henderson* factors support dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff delayed adjudication of the claims in this case by having failed to appear in this case for over six months, and it has now failed to respond to this Court's show cause order.

Second, the Court's need to manage its docket also weighs in favor of dismissal. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, Plaintiff failed to respond to the Court's Order to Show Cause and has offered no explanation for its failure to appear in this case for over six months. Therefore, the Court concludes that the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See*, *e.g.*, *Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

3

1    Finally, the Court has already attempted less drastic sanctions, without success, and
2    therefore determines that trying them again would be inadequate or inappropriate. "Though there
3    are a wide variety of sanctions short of dismissal available, the district court need not exhaust
4    them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674
5    (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing an Order to Show
6    Cause and giving Plaintiff an opportunity to explain its failure to appear. As Plaintiff failed to
7    respond, another order requiring Plaintiff to respond is likely to be futile. *See*, *e.g.*, *Gleason v.*
8    *World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal
9    under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing
10   an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further,
11   the Order to Show Cause warned Plaintiff of the risk of dismissal; thus Plaintiff cannot maintain
12   that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*,
13   958 F.2d at 274. Accordingly, the Court finds that the fifth factor also weighs in favor of
14   dismissal.

**CONCLUSION**

16   Based on the analysis above, the Court finds that at least four of the five *Henderson* factors
17   weigh in favor of dismissal. Plaintiff has failed to appear in this case for over six months, has
18   made no appearance since the case was transferred from Texas, and failed to respond to the order
19   to show cause. Thus, Plaintiff failed to prosecute this case and dismissal is appropriate. However,
20   a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal
21   will minimize prejudice to Defendant, but dismissing the case without prejudice will preserve the
22   ability of Plaintiff to seek relief. Thus, "[i]n an abundance—perhaps overabundance—of caution,"
23   the Court finds that dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*,
24   706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court in order to consider whether
25   dismissal should have been without prejudice).
26   Accordingly, because Plaintiff did not yet consent to the undersigned's jurisdiction, the
27   Court hereby ORDERS the Clerk of Court to reassign this case to a district court judge. The
28   undersigned RECOMMENDS that the newly-assigned judge DISMISS this case WITHOUT

PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines and orders.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: May 26, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge